IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MEIRA E. SHAPIRO,

      Plaintiff,

v.                                                                CASE NO. 4:06-cv-00351-MP-WCS

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc. 20, Report and Recommendation of the Magistrate Judge, recommending that decision of the Commissioner denying benefits be reversed, and this case be remanded for further proceedings.  The Magistrate Judge filed the Report and Recommendation on Tuesday, April 10, 2007.  The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections.  Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has made.  In this instance, however, no objections were made.

Plaintiff argues that the Administrative Law Judge ("ALJ") did not give sufficient weight to the opinion of Dr. Debelius that Plaintiff's disability met the criteria of Listing 12.04, and that the ALJ gave insufficient reasons to disregard Dr. Debelius's opinion.  After extensively reviewing the record, the Magistrate agreed with the Plaintiff, and recommended that the Commissioner's decision be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).  The standard of review established by § 405(g) requires that the Commissioner's decision be affirmed if it is supported by substantial evidence and the correct legal standards

have been applied.  Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997).

In the sequential evaluation process for determining if a claimant has proven that they are disabled, a claimant must first prove that they are not engaged in substantial gainful activity.  At the second step, the claimant must prove that they have a severe impairment or combination of impairments.  After the claimant either is automatically found disabled in step three or proves in step four the inability to perform their past relevant work, the burden shifts to the Commissioner in step five to determine if there is other work available in significant numbers in the national economy that the claimant is able to perform.  See 20 C.F.R. § 416.920.   This case focuses on step three of the sequential evaluation, where the ALJ found that Plaintiff had not proven that her impairment meets or equals a listed impairment in section 12.04 of the Listing of Impairments, thus preventing a finding of disability.  See 20 C.F.R. § 1520(d).

Specifically, the ALJ found that the records of Plaintiff's treating physician, Dr. Debelius, did not show the required symptoms and functional limitations to support a conclusion that Plaintiff's impairment meets the criteria of section 12.04 of the Listing of Impairments.  The Magistrate notes that the ALJ did not find that the report of Dr. Debelius was in conflict with other medical evidence, or that it did not contain all the necessary information, but instead the ALJ found that the clinical findings did not correlate with the criteria of Listing 12.04.  In reviewing the treatment records, the Magistrate points out that Plaintiff continued to suffer from her impairment despite her compliance with her medication, contrary to the finding by the ALJ. The Court agrees with the Magistrate that the ALJ did not provide sufficient reasons for discounting the opinion of Dr. Debelius.  Because the ALJ failed to articulate clearly the reasons for rejecting the Dr. Debelius's opinion, the ALJ's decision is not supported by substantial

evidence and must be reversed.

Therefore, having considered the Report and Recommendation, I have determined that it should be adopted.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.    The Magistrate Judge's Report and Recommendation, Doc. 20, is adopted and incorporated by reference in this order;

2.    The Commissioner's decision denying benefits is reversed, and this case is remanded to the Commissioner of Social Security for rehearing pursuant to sentence four of 42 U.S.C. § 405(g);

3.    If on remand Plaintiff is awarded past-due benefits, Plaintiff's attorney must file any request for attorney's fees under 42 U.S.C. § 406(b) no later than 14 days from the date the Commissioner, pursuant to 42 U.S.C. § 406(a)(2)(D)(i), provides the claimant with written notice of the dollar amount of the past-due benefits;

4.    The Clerk is directed to close this case.

**DONE AND ORDERED** this  *15th* day of May, 2007

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge